IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE UECKER,

    Petitioner,

v.                                                  Civ. 07-1041 JH/RLP

ANTHONY ROMERO, Warden, *et al.*,

    Respondents.

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Pursuant to the Judgment and Sentence entered on July 17, 2001, Petitioner pled guilty to second-degree murder and attempted kidnaping and was sentenced to 29 years' imprisonment. *See* Answer [Doc. 8], Exhibit A. thereto. Petitioner did not appeal.

    2.    Almost four years later, on April 25, 2005, Petitioner filed a petition for writ of habeas corpus in state court. *See* Exhibit C. He filed subsequent petitions, all of which were denied in state court and his petitions for writs of certiorari were also denied. *See* Exhibits E-L.

    3.    On October 15, 2007 Petitioner filed his federal petition for writ of habeas corpus. [Doc. 1]. Respondents argue that Petitioner's claims are time-barred and the Court agrees.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

4.  Pursuant to The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241 *et seq.*, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." § 2244(d)(1). The time starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2241(d)(1)(A). Although the time is tolled during the period a petitioner seeks collateral review, § 2244(d)(2), in this case Petitioner did not seek collateral review until after the one-year limitation period had passed.

5.  As shown in ¶ 2, *supra*, petitioner did not initiate his state collateral proceedings until April 25, 2005 - almost four years after entry of his Judgment and Sentence on July 17, 2001. Even giving him the required 30 days for appeal, to August 17, 2001, Petitioner's 2007 application to this Court is time-barred. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir.2001).

## Recommended Disposition

I recommend that the petition for writ of habeas corpus be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge